UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BABY BUNK, INC.,

        Plaintiff,

v.

ARM'S REACH CONCEPT, INC.,

        Defendant.

CIVIL ACTION NO. 03-12252 REK

## ANSWER, COUNTERCLAIM, AND JURY DEMAND

Defendant Arm's Reach Concepts, Inc. through its undersigned counsel, responds to the Complaint as follows:

1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies the same.

2.    Defendant admits the allegations of Paragraph 2.

3.    Defendant does not contest jurisdiction of the Court over this matter.

4.    Defendant does not contest venue in this Court.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies the same.

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies the same.

7.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies the same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies the same, but admits that Baby Bunk markets an attachable bassinet under the trademark Baby Bunk.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies the same.

14. Defendant admits the allegations of Paragraph 14.

15. Defendant admits the allegations of Paragraphs 15.

16. Defendant admits that it uses the mark Co-Sleeper in connection with a bassinet or baby bed attachable to the parents' bed, and denies the remaining allegations of Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies the same.

18. Responding to Paragraph 18, Defendant admits sending a cease and desist letter, states affirmatively that the terms of the letter speak for themselves, and denies the remaining allegations.

19. Responding to the allegations of Paragraph 19, Defendant admits that it has advised distributors that it is improper to feature products of others in association with Defendant's trademark, and denies the remaining allegations.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

## COUNT I

22. In response to the allegations of Paragraph 22, Defendant reasserts the responses to the allegations of Paragraphs 1 to 21 as though set forth again in full.

23. Responding to the allegations of Paragraph 23, Defendant admits that there is a controversy between the parties in that Defendant contends that Baby Bunk's use of the term Co-Sleeper infringes Defendant's trademark, and denies the remaining allegations.

24. Responding to the allegations of Paragraph 24, Defendant admits that the Complaint seeks declaratory relief, and denies that Baby Bunk is entitled to any such relief.

## COUNT II

25. Responding to the allegations of Paragraph 25, Defendant reasserts the responses to Paragraphs 1 through 24 as though set forth again in full.

26. Responding to the allegations of Paragraph 26, Defendant admits that it obtained a federal registration on the alleged date, and states that the registration speaks for itself.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

## COUNT III

31. In response to the allegations of Paragraph 31, Defendant reasserts the responses to Paragraphs 1 through 30 as though set forth again in full.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore denies the same.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

## COUNT IV

37. Responding to Paragraph 37, Defendant reasserts the responses to Paragraphs 1 through 36 as through set forth again in full.

38. Responding to Paragraph 38, Defendant admits that it conducts trade and commerce within Massachusetts and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim on which relief may be granted.

2. Plaintiff's claims must be dismissed for lack of personal jurisdiction.

3. Plaintiff's claims are barred by laches.

4. Plaintiff's claims are barred by estoppel.

5. Plaintiff's claims are barred by the doctrine of unclean hands.

6. Plaintiff's claim pursuant to G.L. c. 93A must be denied because the alleged conduct (which allegations are denied) did not occur primarily and substantially within the Commonwealth.

WHEREFORE, having fully answered the Complaint, Defendant hereby requests that the Complaint be dismissed and Plaintiff take nothing therefrom, that the Court award Defendant its costs and attorneys' fees, and that the Court award the Defendant such other relief as the Court deems just and proper.

## COUNTERCLAIM

1. Counterclaimant Arm's Reach Concepts, Inc. is a California corporation with its principal place of business in Malibu, California.

2. On information and belief, Defendant Baby Bunk, Inc. is a Massachusetts corporation with a place of business in Boston, Massachusetts.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338.

4. Arm's Reach is the owner of the following trademarks registered on the Principal Register of the United States Patent and Trademark Office, both of which are presently valid and outstanding:

(a) Reg. No. 2,226,721 for CO-SLEEPER, registered February 23, 1999 in Class 20 for, inter alia, furniture.

(b) Reg. No. 2,213,927 for ARMS REACH, registered December 29, 1998 in Class 20 for furniture.

True and correct copies of Trademark Office records showing those Registrations are attached hereto as Exhibits A and B.

BOS1345265.1

5

5. Since July of 1997, Arm's Reach has continuously engaged in the business of manufacturing and selling baby beds that are attachable to the parents' bed under the marks ARMS REACH and CO-SLEEPER. Those attachable beds have been and continue to be sold throughout the United States, including Massachusetts.

6. Since 1997, Arm's Reach has continuously and exclusively used the name CO-SLEEPER with respect to its attachable baby beds; Arm's Reach has conducted extensive advertising and publicity to promote the CO-SLEEPER bed. As a result, the CO-SLEEPER name has become associated and identified with, and distinguishes Arm's Reach in the eyes of wholesalers, retailers, consumers, and others throughout the United States and has come to mean and is understood to mean Arm's Reach and its products. The public distinguishes the CO-SLEEPER attachable baby bed from other baby or infant furniture and the public has come to rely upon the CO-SLEEPER name as identifying an attachable baby bed of superior quality made by Arm's Reach.

7. The CO-SLEEPER mark has acquired and possesses secondary meaning and valuable goodwill. Arm's Reach has built and maintained its goodwill in part through its exclusive and continuous use of the CO-SLEEPER trademark.

8. On information and belief, Crossdefendant manufactures and sells a baby bed attachable to the parents' bed which it calls the "Baby Bunk." The Baby Bunk product is sold in the same channels of trade and marketed to the same customers as the CO-SLEEPER attachable baby bed.

9. On information and belief, Counterdefendant maintains an internet website to promote and sell its Baby Bunk products.

10. On information and belief, Baby Bunk has in the past used, and will, unless enjoined, continue in the future using Arm's Reach's trademark, CO-SLEEPER, as a metatag to draw traffic to its web site.

11. On information and belief, Baby Bunk has assisted or encouraged the operators of distributor or retailer web sites selling Baby Bunk products, but not Arm's Reach products, to use the marks ARMS REACH and/or CO-SLEEPER in metatags to draw traffic to those web sites.

12. On information and belief, the foregoing conduct was in willful violation of the rights of Arm's Reach.

13. The foregoing conduct by Counterdefendant confuses and is likely to confuse the purchasing public in violation of Arm's Reach's rights under the Lanham Act and constitutes trademark infringement and unfair competition in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), Massachusetts' common law of unfair competition and constitute knowing and willful engagement in unfair or deceptive acts or practices in trade or commerce in violation of G.L. c. 93A.

14. As a direct and proximate result of the foregoing unlawful acts Counterdefendant has drawn visitors interested in Arm's Reach products to Counterdefendant's web site and profited from its improper use of the registered mark.

15. As a direct and proximate result of the foregoing unlawful acts, Arm's Reach has lost business, prestige, and reputation in an amount to be established and have caused Arm's Reach to lose money or property within the meaning of G.L. c. 93A, § 11.

16. As a further direct and proximate result of continuing unlawful use of Arm's Reach's federal trademarks, Arm's Reach will incur serious and irreparable harm for which it has no adequate remedy at law.

WHEREFORE, Arm's Reach prays for the following relief:

A. That Counterdefendant be preliminarily and permanently restrained and enjoined, through itself and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, from directly or indirectly using ARMS REACH or CO-SLEEPER as web site metatags or in any other manner to confuse or be likely to confuse the pubic;

B. That Counterdefendant be required to account to Arm's Reach for all profits derived by Counterdefendant by reason of the acts of trademark infringement and unfair competition complained of herein, and that judgment be entered in favor of Arm's Reach and against Counterdefendant is such amount;

C. That judgment be entered in favor of Arm's Reach and against Counterdefendant in the amount of all damages sustained by Arm's Reach by reason of the acts of trademark infringement and unfair competition complained of herein;

D. That the amount of the judgment awarded under Paragraphs B and C be trebled pursuant to 15 U.S.C. § 1117 and G.L. c. 93A;

E. That Arm's Reach be awarded its costs and reasonable attorneys' fees incurred herein pursuant to 15 U.S.C. § 1117 and G.L. c. 93A;

F. That Arm's Reach be granted such further relief as the Court deems just and proper.

## JURY DEMAND

Arm's Reach requests trial by jury on all claims so triable.

ARM'S REACH CONCEPTS, INC.,

By its attorneys,

*/s/ Lydia A. Jones*
Lydia A. Jones, Esq. (BBO# 558682)
JENNINGS, STROUSS & SALMON
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, AZ 85004-2385

*/s/ Mark D. Robins*
Mark D. Robins, Esq. (BBO# 559933)
NIXON PEABODY LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 345-1000

Dated: January 16, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 1/16/04.

*/s/ Mark D. Robins*